Filed 1/30/24  P. v. Davis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098153 |
| v. | (Super. Ct. No. NCR82824) |
| JOSEPH VICTOR DAVIS, | |
| Defendant and Appellant. | |

A jury convicted defendant Joseph Victor Davis of assault with a semiautomatic firearm, carjacking, possession of a firearm by a felon, and possession of ammunition. The jury also found true enhancement allegations that defendant personally used a firearm, and defendant admitted a prior serious felony enhancement allegation.  The trial court sentenced defendant to an aggregate prison term of 26 years four months.  In defendant's first appeal in 2014, this court stayed the sentence for possession of ammunition under Penal Code section 654[1] and otherwise affirmed the judgment. (*People v. Davis* (Oct. 16, 2014, C071689) (*Davis I*).)

_____

[1] Undesignated statutory references are to the Penal Code.

In November 2020, the Secretary of the Department of Corrections and Rehabilitation (CDCR) recommended that defendant be resentenced based on statutory amendments giving the trial court discretion to strike a firearm enhancement. At a resentencing hearing in April 2021, the trial court struck a one-year prior serious felony enhancement based on a change in the law, but declined to make other changes and imposed an aggregate term of 24 years eight months in prison.

Defendant again appealed, arguing he was entitled to resentencing under section 1170 as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.). This court vacated the sentence and remanded for resentencing. (*People v. Davis* (Sept. 7, 2022, C093994) (*Davis II*).)

At a resentencing hearing in March 2023, the trial court resentenced defendant to an aggregate prison term of 21 years, including the upper term of 10 years on a section 12022.5, subdivision (a) firearm enhancement and three years four months (one-third the middle term) on a section 12022.53, subdivision (b) firearm enhancement.

Defendant appeals, arguing (1) the trial court should have struck both firearm enhancements based on amendments to section 1385, and (2) the matter must be remanded for recalculation of presentence credit.

Agreeing with defendant's second contention, we will remand for recalculation of presentence credit and otherwise affirm the judgment.

BACKGROUND

Defendant asked us to take judicial notice of this court's prior opinion in case No. C093994, and the People asked us to take judicial notice of defendant's prior appeals in case Nos. C071689 and C093994. We treated those requests as motions to incorporate by reference and granted the motions. The background comes from this court's prior unpublished decisions in *Davis I* and *Davis II*.

Late one evening in October 2011, two men and a woman drove to Red Bluff, California, to sell marijuana to defendant and his accomplices. They met on a dead-end

2

road, where they parked next to each other. Instead of buying the marijuana, defendant pulled out a gun and pointed it at the men and the woman. The woman ran back to their car and jumped inside. Defendant opened the car door, pointed the gun at her, and told her to get out. When the woman did not get out, defendant hit her in the face with the gun. After defendant hit her, the woman got out of the car. Defendant and his accomplices drove away in all the cars, leaving the two men and woman stranded. (*Davis I*, *supra*, C071689.)

The next day, a deputy sheriff saw defendant driving and pulled him over. Police officers found a loaded firearm under the passenger seat; they also found ammunition. (*Davis I*, *supra*, C071689.)

A jury convicted defendant on three counts of assault with a semiautomatic firearm (§ 245, subd. (b)), three counts of carjacking (§ 215, subd. (a)), possession of a firearm by a felon (§ 12021, subd. (a)(1)), and possession of ammunition (§ 12316, subd. (b)(1)). The jury also found true enhancement allegations that defendant personally used a firearm in each of the assault and carjacking counts. (§§ 12022.5, subd. (a), 12022.53, subd. (b).) Defendant admitted a one-year prior felony enhancement under former section 667.5, subdivision (b).

The probation report indicated that defendant had prior juvenile adjudications for petty theft, possession of stolen property, possession of pepper spray, brandishing a weapon, possession of a stolen vehicle, escape from wardship, and possession of contraband in juvenile hall. In addition, the probation report indicated that defendant had prior convictions as an adult for possession of stolen property, recklessly evading a peace officer, resisting arrest, and possession of drug paraphernalia, and he also had a number of parole violations. According to the probation report, defendant served a prison term in 2005.

The trial court sentenced defendant to an aggregate prison term of 26 years four months, which included two firearm enhancements. In defendant's first appeal in

2014, this court stayed the sentence for possession of ammunition under section 654 and otherwise affirmed the judgment. (*Davis I*, *supra*, C071689.) In November 2020, under former section 1170, subdivision (d),[2] the Secretary of CDCR wrote a letter to the trial court recommending that defendant be resentenced in light of amendments to section 12022.53, subdivision (h), which gave the trial court discretion under section 1385 to strike firearm enhancements. The letter described defendant's parole history, which included absconding five times from 2006 to 2010, and defendant's custodial conduct, including rules violations for fighting in 2014 and 2017 and for possession of inmate-manufactured alcohol in 2019.

At a resentencing hearing in April 2021, the trial court struck a one-year prior serious felony enhancement due to a change in section 667.5.[3] But after considering the nature of defendant's offenses and his criminal history, parole history, and rules violations, the trial court declined to strike the firearm enhancements or to make other changes to the sentence and imposed an aggregate term of 24 years eight months.

Defendant again appealed, arguing he was entitled to resentencing under section 1170 as amended by Senate Bill No. 567. (*Davis II*, *supra*, C093994.) This court vacated the sentence and remanded for full resentencing. (*Ibid.*)

In defendant's resentencing brief filed in January 2023, he argued that no aggravating factors had been found true (§ 1170, subd. (b)(2)) and he was entitled to a lower term because he experienced psychological, physical, and childhood trauma

---

[2] At the time of the hearing, section 1170, subdivision (d)(1) provided that upon recommendation from CDCR, the trial court could recall a sentence and resentence the defendant. That provision was amended and renumbered (Stats. 2021, ch. 719, § 3.1; Stats. 2022, ch. 58, § 9; former §1170.03) and is now set forth in section 1172.1, subdivision (a)(1).

[3] Section 667.5, subdivision (b) had been narrowed to apply only to violent sexual offenses. (Stats. 2019, ch. 590, § 1)

(§ 1170, subd. (b)(6)(A)). Defendant also urged the trial court to exercise its discretion to strike the firearm enhancements under section 1385, asserting that he never fired the firearm during the commission of the offense, he had been incarcerated for a significant time, he made efforts to rehabilitate, and he was working to improve life skills so he could be a productive member of society upon release. Defendant submitted letters of support, certificates of training completion, prison progress reports, and his own letters apologizing and accepting responsibility.

At the resentencing hearing in March 2023, defendant testified that he was physically abused as a child, his home was searched for guns and drugs, and that prior to a court hearing related to his poor school attendance, his mother and her friend got high on heroin before driving defendant and his younger sister to the courthouse. His mother's friend lost control of the car and crashed, and defendant saw his sister in the middle of the road and his mother's dead body.

The People submitted a certified criminal record and argued for imposition of the upper term. The trial court found that under newly amended section 1170, the only established aggravating factor was that defendant's prior adjudications and convictions were numerous and of increasing seriousness. (Cal. Rules of Court,[4] rule 4.421(b)(2).)

The trial court said it read and considered the submitted materials and the circumstances of defendant's childhood. It acknowledged the positive efforts defendant had been making and the apparent intent of the legislative changes. But it said the crime was very serious, noting that defendant was armed and threatened three people, struck one of them, and was recalcitrant when apprehended. After weighing the totality of the circumstances, the trial court resentenced defendant to an aggregate prison term of 21 years, including the upper term of 10 years on the section 12022.5 firearm

---

[4] Undesignated rule references are to the California Rules of Court.

enhancement and three years four months (one-third the middle term) on the section 12022.53 firearm enhancement.

DISCUSSION

I

Defendant contends the trial court should have struck both firearm enhancements based on amendments to section 1385.

A

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) amended section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)[5] As amended, section 1385, subdivision (c) now provides in relevant part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." The enumerated circumstances in section 1385, subdivision (c) include when there are multiple enhancements alleged in a single case (§ 1385, subd. (c)(2)(B)), when application of an enhancement could result in

---

[5] Assembly Bill No. 200 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 58, § 15), which took effect on June 30, 2022, made technical, nonsubstantive changes to section 1385 that do not affect the issues on appeal.

6

a sentence of over 20 years (§ 1385, subd. (c)(2)(C)), and when the current offense is connected to prior victimization or childhood trauma (§ 1385, subd. (c)(2)(E)).

We review a trial court's decision not to dismiss an enhancement for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) " ' "The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Id.* at pp. 376-377.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

The ultimate question before the trial court was whether it would be in furtherance of justice to dismiss the enhancements. (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098, review granted Apr. 12, 2023, S278894 (*Ortiz*).) " '[G]enerally applicable sentencing principles' relevant to a court's determination of whether dismissal is in furtherance of justice 'relat[e] to matters such as the defendant's background, character, and prospects.' " (*Id.* at p. 1097.) "Those principles require consideration of circumstances in mitigation (and aggravation) in the broader context of the recognized objectives of sentencing, which are not limited to public safety." (*Ibid.*, citing rule 4.410.) General sentencing objectives include "punishing the defendant" and "encouraging the defendant to lead a law-abiding life in the future and deterring him or her from future offenses." (Rule 4.410(a)(2) & (a)(3).) We apply the general rule " 'that a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

7

B

Nothing in the appellate record rebuts the presumption that the trial court was aware of, and followed, applicable law. It considered the mitigating circumstances asserted by defendant, afforded them great weight, but ultimately concluded countervailing circumstances overcame them such that dismissal of the enhancements would not be in furtherance of justice. (See *Ortiz, supra*, 87 Cal.App.5th at p. 1096, review granted.) The trial court considered defendant's background, character, and prospects. It also considered his criminal record and his rule and parole violations. The trial court did not abuse its discretion.

Defendant suggests the only aggravating factor the trial court could consider in determining whether to exercise its discretion to dismiss the firearm enhancements pursuant to section 1385 was defendant's prior convictions being numerous and of increasing seriousness (rule 4.421(b)(2)) as proven through the certified RAP sheet. However, while that was the only aggravating factor the trial court could consider in imposing the upper term pursuant to section 1170, the trial court was not so limited in exercising its discretion under section 1385.

Defendant argues the trial court was *required* to dismiss all enhancements because they resulted in a sentence over 20 years, or at least to dismiss all but one enhancement because multiple enhancements were alleged. (§ 1385, subd. (c)(2)(B) & (c)(2)(C)). We do not agree with defendant that the amended statute eliminated trial court discretion. Section 1385, subdivision (c)(1) authorizes the trial court to determine whether "it is in the furtherance of justice to do so" and subdivision (c)(2) references the exercise of the trial court's discretion. (See *Ortiz, supra*, 87 Cal.App.5th at p. 1093, review granted.) Nor does the existence of a statutory mitigating circumstance compel a trial court to dismiss an enhancement in the absence of a finding that a dismissal would endanger public safety. (*Ortiz,* at p. 1098.) Sentencing courts may determine "that countervailing factors -- other than the likelihood of physical or other serious danger to others -- may

8

nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice." (*Ibid.*) "[A] trial court's exercise of sentencing discretion involves more than a strictly binary weighing of mitigation against public safety." (*Id.* at p. 1097.)

In addition, defendant argues the trial court abused its discretion in impliedly finding that dismissal of the enhancements would endanger public safety. But as we have explained, the trial court acted well within its discretion in finding that dismissal of the enhancements would not be in furtherance of justice.

Moreover, defendant argues that Assembly Bill No. 931, which was proposed during the Legislature's 2021-2022 regular session and would have removed the "shall be dismissed" language from section 1385, subdivision (c)(2)(B) and (c)(2)(C), supports his position. Defendant refers to a statement by the author of Assembly Bill No. 931 suggesting that, as amended by Senate Bill No. 81, section 1385 requires courts to dismiss multiple enhancements and enhancements for sentences over 20 years even if doing so would endanger public safety. (Sen. Com. on Pub. Safety, Rep. on Assem. Bill No. 931 (2021-2022 Reg. Sess.) as amended June 6, 2022.) Defendant claims that because Assembly Bill 931 did not pass, subdivisions (c)(2)(B) and (c)(2)(C) must be read as mandating dismissal and divesting the trial court of any discretion. But even if we were inclined to give some weight to comments pertaining to a legislative proposal that was not enacted, the description of existing law in the committee report does not support defendant's position. (Sen. Com. on Pub. Safety, Rep. on Assem. Bill No. 931 (2021-2022 Reg. Sess.) as amended June 6, 2022.)

II

Defendant next contends the matter must be remanded for recalculation of presentence credit. The People agree.

A felony abstract of judgment filed in January 2015 indicated that defendant had 525 total days and 263 actual days of presentence credit. When defendant was

9

resentenced on March 10, 2023, the trial court did not recalculate presentence credit and the felony abstract of judgment does not identify any presentence credit.

The parties agree, as do we, that defendant is entitled to recalculation of presentence credit as of the date of resentencing. (§§ 2900.1, 2900.5, subd. (d); *People v. Buckhalter* (2001) 26 Cal.4th 20, 29 [when a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence all actual time the defendant has already served].) We will remand the matter for recalculation of defendant's presentence credit.

## DISPOSITION

The matter is remanded to the trial court for recalculation of defendant's presentence credit. The trial court shall prepare an amended abstract of judgment reflecting the recalculated credit and forward the amended abstract to CDCR. The judgment is otherwise affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
DUARTE, J.

/S/
MESIWALA, J.

10